UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY SUMMERVILLE and FOMBAH SIRLEAF, | : <br> : <br> : |
| Plaintiffs, | :     Civil Action No. 14-7653 (KM) <br> : |
| v. | : <br> : |
| DETECTIVE SERGEANT M. GREGORY, et al., | :     OPINION AND ORDER <br> : <br> : |
| Defendants. | : <br> : |

**CLARK, United States Magistrate Judge**

THIS MATTER comes before the Court upon Plaintiff Stanley Summerville and Fombah Sirleaf's ("Plaintiffs") Motion for Leave to Amend Plaintiffs' Second Amended Complaint to include additional facts and add a new claim against Defendant Colonel Joseph R. Fuentes ("Fuentes"), Superintendent for the New Jersey State Police, in his official capacity. (Dkt. No. 28). Defendant Fuentes opposes the motion. (Dkt. No. 31). The Court has considered Plaintiffs' motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' written submissions, for good cause shown, and for the reasons set forth herein, Plaintiffs' Motion to Amend is **GRANTED**.

**I.     BACKGROUND**

This matter arises from an incident at the Jersey Gardens Mall on October 8, 2014. Plaintiffs allege that they were loading purchases into their vehicle in the parking lot when they were detained, handcuffed and interrogated by officers of the New Jersey State Police engaged in an active investigation of another, ultimately unrelated, suspect. Plaintiffs were released

approximately one hour later, and were not charged with any crime or violation. (Dkt. No. 17, Second Amend. Compl., at ¶¶ 33, 38, 45, 55-58).

On December 9, 2014, Plaintiffs filed a Complaint in the District of New Jersey, alleging federal constitutional violations against the New Jersey State Police based on the provisions of 28 U.S.C. § 1983, and tortious conduct on the part of Universal Protection Services and JG Elizabeth LLC. (Dkt. No. 1). Plaintiffs allege that they were detained without probable cause by the New Jersey State Police officers, in violation of Plaintiffs' civil rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. (*Id.* at ¶¶ 39, 45).

On January 27, 2015, Defendant New Jersey State Police ("State Police") moved for dismissal of the Complaint on the grounds that the State Police is not a "person" under the meaning of 28 U.S.C. §1983. (Dkt. No. 10). In response, Plaintiffs filed an Amended Complaint on February 18, 2015. (Dkt. No. 11). The First Amended Complaint names "Unknown New Jersey State Police Officers John Does 1-10", the "New Jersey State Police" and "Colonel Joseph R. Fuentes" as Defendants. (*Id.*). Plaintiffs claim that the actions of the individual officers reflect a pattern of systemic racial discrimination by the New Jersey State Police. (*Id.* at ¶¶ 85, 86). Plaintiffs further allege that Fuentes, in his capacity as Superintendent of the New Jersey State Police, failed to properly train or discipline the police officers, despite Fuentes' awareness of discriminatory behavior within the agency. (*Id.*, at ¶ 87-92). After learning the names of the individual officers, Plaintiffs filed a Second Amended Complaint on May 14, 2015. (Dkt. No. 17).

On May 27, 2015, Defendant Fuentes filed a motion to dismiss the Second Amended Complaint for failure to state a claim. (Dkt. No. 21). Plaintiffs thereafter attempted to file a Third Amended Complaint, but were advised by the Court that they must first move for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2). (Dkt. No. 27). Plaintiffs filed the instant

motion on June 26, 2015. (Dkt. No. 28). Plaintiffs' opposition to Defendant's Motion to Dismiss was held in abeyance pending a ruling on the motion to amend. (Dkt. No. 27).

**II.     DISCUSSION**

The decision to grant or deny leave to amend is committed to the sound discretion of the Court. *Gay v. Petsock*, 914 F.2d 768, 772 (3d Cir. 1990). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides, in pertinent part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A general presumption exists in favor of allowing a party to amend its pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Long v. Wilson*, 393 F.3d 290, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted."). Nonetheless, the Court may deny a motion to amend the pleadings where there is: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182.

Plaintiffs' proposed Third Amended Complaint seeks to add additional factual allegations to support the claims against Fuentes in his individual and official capacities. The proposed Third Amended Complaint also adds an additional claim against Fuentes in his official capacity seeking a declaratory judgment that Plaintiffs' civil rights were violated, and an injunction prohibiting the continued violation of those rights. (Dkt. No. 28, Exh. A, Third Amended Complaint, at ¶¶ 124-29). Defendant argues that leave to amend should be denied on the grounds of futility. (Dkt. No. 31).

An amendment to a complaint is considered futile if it would not survive a motion to dismiss under Rule 12(b)(6). *Johnson v. Samuels*, No. 06-2233, 2007 WL 1575076, at *3 (D.N.J. May 30, 2007); *County of Hudson v. Janiszewski*, 351 F. App'x 662, 666 (3d Cir. 2009); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). In determining the futility of an amendment, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Medpointe Healthcare Inc. v. Hi-Tech Pharmacal Co.*, 380 F. Supp. 2d 457, 462 (D.N.J. 2005) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC*, No. 11-7119 (WJM), 2014 U.S. Dist. LEXIS 46572, *9-10 (D.N.J. Apr. 4, 2014) ("The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6)."). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (establishing that a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *Harrison Beverage Co. v. Dribeck Importers*, 133 F.R.D. 463, 468 (D.N.J. 1990) ("Futility of amendment is shown when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue.").

The crux of Defendant's opposition to Plaintiffs' motion is that the additional factual allegations against Fuentes are still conclusory[1] and fail to rectify the pleading deficiencies of the

---

[1] In his motion to dismiss, Fuentes argues, *inter alia*, that in the Second Amended Complaint, Plaintiffs "merely assert conclusory statements" regarding Plaintiffs' failure to train claim. (Dkt. No. 21-1, at 9-10).

4

Second Amended Complaint.  (Dkt. No. 31).  Defendant alleges that Plaintiffs therefore fail to state a viable claim for relief in both the Second Amended Complaint and the proposed Third Amended Complaint.  Based on the nature of the futility analysis, Defendant's arguments in opposition to the motion to amend overlap significantly with the arguments made in support of his motion to dismiss.  The Court, in its discretion, will not consider these arguments in connection with its review of the motion for leave to amend.  *See In re Aetna UCR Litig.*, No. 07-3541, 2015 U.S. Dist. LEXIS 84600, at *28 (D.N.J. June 30, 2015).  In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.  *See id.*, at *28-29; *Strategic Envtl. Partners, LLC v. Bucco*, No. 13-5032, 2014 U.S. Dist. LEXIS 106170, at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss); *Diversified Indus., Inc. v. Vinyl Trends, Inc.*, No. 13-6194, 2014 U.S. Dist. LEXIS 61131, at *1 n.1 (D.N.J. May 1, 2014) (finding, "in the interest of judicial economy and in the absence of prejudice," that the amended counter-claim should be treated as the operative pleading for the purposes of motion to dismiss despite the fact that the Court had not yet granted leave to amend). Accordingly, Plaintiffs' motion for leave to amend the Complaint is **GRANTED**. (Dkt. No. 28).  Defendant's pending motion to dismiss is administratively terminated.  (Dkt. No. 21).  Defendant is advised, however, that he may renew his motion to dismiss following the filing of Plaintiffs' Third Amended Complaint, and may rely on the arguments set forth in his previous motion to dismiss and in opposition to the instant motion.

### III. CONCLUSION

For the foregoing reasons, having considered the parties' written submissions, this Court hereby **GRANTS** Plaintiff's Motion to Amend. (Dkt. No. 28). Plaintiff shall file the proposed Third Amended Complaint within **seven (7) days** of this Order. The Clerk of Court is directed to terminate the aforementioned motion. (Dkt. No. 28). The Clerk of Court is also directed to administratively terminate Defendant's motion to dismiss. (Dkt. No. 21). Defendant shall file a response to the Third Amended Complaint **within fourteen (14) days** of the filing of the new Complaint.

**Dated: August 3, 2015**

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**