# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY SUMMERVILLE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DETECTIVE SERGEANT M. GREGORY, et al., <br><br> Defendants. | No. 14–cv–7653 (KM)(MAH) <br><br> OPINION AND ORDER |

## KEVIN MCNULTY, U.S.D.J.:

This is an appeal from a letter order ("Order", ECF no. 73) of Magistrate Judge James B. Clark III, entered for the reasons expressed orally in an on-the-record telephone conference. (*See* Transcript of hearing, Feb. 17, 2017 ("Tr."), ECF no. 77, pp. 11–17.) That order granted the plaintiffs' letter application for an order compelling the deposition of one of the defendants in this action, State Police Colonel Joseph R. Fuentes.

The District Court will reverse a Magistrate Judge's decision on a non-dispositive motion only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). This Court has frequently spoken of the discretion granted to the Magistrate Judge in non-dispositive matters. Where the appeal seeks review of a matter within the core competence of the Magistrate Judge, such as a discovery dispute, an abuse of discretion standard is appropriate. *See Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). "This deferential standard is especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997)(internal quotations omitted); *see Deluccia*, 2012 WL 909548, at *1 (same). Abuse of

1

discretion review, of course, may get us to much the same place: as a practical matter it incorporates plenary review of legal questions. *See Koon v. United States*, 518 U.S. 81, 100 (1996).

The currently operative pleading in this Section 1983 action is the Third Amended Complaint ("3AC", ECF no. 33). It alleges that State troopers confronted and detained the plaintiffs, in violation of their Fourth Amendment rights and on the basis of racial profiling, and thereafter filed a misleading police report. Plaintiffs are "African male[s] whose color is black and who appear[] to be African-American." (3AC ¶¶ 5, 6) They allege that they were in a shopping center mall, loading items into newly purchased suitcases in the rear compartment of their car. At that point, several unmarked police cars chased and then blocked a Lexus driven by an African-American male (whose name was later revealed to be Parker), about 30 to 40 yards away from the plaintiffs' car. Parker was arrested. Several of the officers, guns drawn, ran over to the plaintiffs; white persons nearby were left undisturbed. Plaintiffs were handcuffed, forced to the ground, and asked if they knew Parker. The officers checked for warrants; asked for and got consent to search the plaintiffs' car; and checked mall surveillance tapes to verify whether the plaintiffs had been shopping. The handcuffs were then removed. Later, the officers wrote an investigative report. This report omitted the fact that plaintiffs were 30 to 40 yards from the location of the arrest. (3AC ¶¶ 36–67)

The 3AC names as defendants the officers involved in the alleged incident. Most pertinently here, it also names as a defendant Col. Fuentes, their ultimate commanding officer. His liability is alleged to rest on failure to act, inadequate training of officers, and acquiescence in a pattern and practice of unlawful stops. (*See* 3AC, Second and Third Causes of Action) The complaint cites *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978).

Col. Fuentes moved to dismiss the 3AC. I denied that motion in an Opinion and Order dated March 11, 2016 ("MTD Op.", ECF no. 51). My Opinion cited well-established case law to the effect that the liability of a supervisor in a

2

Section 1983 civil rights action cannot be predicated on *respondeat superior* and that the supervisor must have been involved personally, through personal direction or actual knowledge and acquiescence. (MTD Op. 3) The plaintiffs' allegations suggest that they rely on a theory that Col. Fuentes, who occupied a policymaking position, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm. (MTD Op. 4, citing *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). A policy may be official and formal, but a custom may be found in a well-entrenched course of dealing, including a custom of failure to properly train personnel. (MTD Op. 4–5)

Then, as now, Defendant Fuentes expressed concern that the plaintiffs' allegations against him were part of a proverbial "fishing expedition." I expressed confidence that Judge Clark would keep discovery within proper bounds, and suggested that he might prioritize discovery to deal first with the incident itself, and then work up the ladder to supervisors and broader allegations of "custom and practice" liability. (MTD Op. 7)

The record suggests that the Magistrate Judge has done precisely that. Discovery to date, closely supervised by the Judge Clark, has thoroughly explored the events in suit, and is nearing completion. Col. Fuentes replies, however, that enough is enough. He points out that he has already responded to two sets of interrogatories. Defendants have supplied copies of SOPs and training materials, and have directed the plaintiffs to public websites that compile annual statistics on complaints against the State police, investigations, and disciplinary outcomes. Defendants also opine that the process thus far has not produced evidence of the systemic problems posited by the plaintiffs; indeed, they suggest, the evidence demonstrates that the consent order in effect from 1999–2009 has been very effective in creating policies and procedures to prevent the very practices complained of here.

Col. Fuentes stresses that Fed. R. Civ. P. 26, although broad, is not unlimited, and that "high ranking government officials" are not subject to being deposed merely upon a litigant's say-so. *See* Def. Brf. (ECF no. 75-2) (citing,

3

e.g., *United States v Morgan*, 313 U.S. 419, 422 (1941); *United States v Sensient Colors, Inc.*, 649 F. Supp. 2d 309, 316 (D.N.J. 2009); *Buono v City of Newark*, 249 F.R.D. 469, 470 n.2 (D.N.J. 2008) (noting interest in "ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion."). Such a witness, in defendants' view, cannot be deposed absent "extraordinary circumstances." *See id.* That would require a showing that

> (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources. *See Buono*, 249 F.R.D. at 471 n. 2.

*Sensient Colors*, 649 F. Supp. 2d at 322. Judge Clark cited *Sensient Colors*, and his analysis demonstrates that he was sensitive to the five factors enumerated there:

> I -- let me commend your attention or at least I'll say for the record that I've read and am relying in some degree on the case, a District of New Jersey case, United States v. Sensient Colors Inc., and that is 649 F. Supp. 2d 309, and it's District of New Jersey, 2009. In that case, the -- the Court specifically on page 322, notes that any number of high-ranking officials including, you know, former Governor Blagojevich in the state of Illinois, former Governor Cuomo in a case where he wasn't even named a party were ordered to appear for depositions, and the key was -- the key generally speaking is that there are allegations that the official acted with improper motive or acted outside the scope of their official duty and that they had unique personal knowledge.
>
> Now, I know, Mr. Rizzo's going to argue that, well, the colonel has no knowledge, but he has unique personal knowledge of the fact he has no knowledge. And, quite frankly, I don't know why the plaintiff should be forced to trust the representations of counsel on the record that the colonel has no knowledge. Mr. Graves has just pointed out that he wants to know if he's ever seen reports that

4

said this, what his knowledge is of statistics regarding these kinds of crimes.

He's in the case. I mean, he did not get rid of this case. Judge McNulty kept him in the case. And I am sensitive to the fact that Judge McNulty said we need to keep the discovery manageable here, but in some respects, if he appears for a short deposition where he confirms he has no knowledge, that may be a lot more manageable than anything else I can conceive of right now. I do not think that he is immune from appearing for a deposition. I do think he will have -- he's the only one who knows -- who has knowledge about what he actually knows with respect to the practices in -- you know, with respect to these kinds of stops and these kinds of actions by police. I can't say that the plaintiff isn't allowed to probe that. And the plaintiff may come up dry. And if the plaintiff comes up dry and the documentary evidence comes up, you know, short, then I suppose Colonel Fuentes will get out on summary judgment. But the rules provide for a -- the right to take a deposition. And the colonel is a party to this litigation. He's the only one who knows what he knows about all of these topics. The allegation is that he acted with improper motive or outside the scope of his -- the action -- the allegation is that at the very least he acted negligently. I'm not saying that that's right or not. But that's the allegation. And that allegation survived a preliminary motion.

So I think on these two items, for -- as far as Colonel Fuentes goes, he's going to have to appear for a deposition. You can work that out. You know, I encourage you to work it out, make it as easy for the parties as possible. But he's going to have to appear for a deposition in this case and confirm his knowledge or lack of knowledge with respect to the things that the plaintiff is alleging.

(Tr. 15–16)

This ruling was well within Judge Clark's considerable discretion, and I find no clear error or error of law that would justify reversal. Nevertheless, to avoid doubt, I will briefly perform an independent analysis. Under the five overlapping *Buono* factors, I find that a deposition is warranted.

5

The information obtainable through deposition is both relevant and necessary. It is easy to see, of course, that a litigant might seek discovery from a high official totally unconnected to the case, simply for purposes of harassment. As Judge Clark pointed out, however, such cases generally (if not always) involve high-ranking government officials who are not parties to the litigation.[1] Here, as Judge Clark pointed out, Col. Fuentes is a party defendant. He remains in the case following an unsuccessful motion to dismiss. I add that he is a defendant in his *personal* capacity. I must also consider the peculiar legal context of supervisor liability under § 1983. Plaintiffs are not merely attempting to satisfy their curiosity about who knew what; personal involvement and pattern-and-practice evidence are *required* in the § 1983 context, where there is no respondeat superior liability. Proof of such a pattern or practice—assuming it exists—might require a range of documentary, statistical, and testimonial evidence. But Col. Fuentes's knowledge and/or participation is a part of that picture.

Col. Fuentes, starting in 2003, was in charge as the State Police strove to bring themselves into compliance with the consent order. The defendants argue that Col. Fuentes has no knowledge of any current pattern, practice, or custom of the kind alleged by the plaintiffs. Still, there is enough of a history to make me agree with Judge Clark's ruling that plaintiffs should not have to simply accept counsel's representation that a party has no relevant knowledge. That is a fact that can only be established definitively through deposition of that party. In short, what plaintiffs seek is an opportunity to go on the record with Col. Fuentes.

The factor that gives me pause is the fourth: whether the deposition will interfere with the official's duties. As to that, I do not think that the plaintiffs have made a strong showing. I take judicial notice that many cases are brought

---

[1] In *Buono*, for example, a city employee sued based on alleged retaliation during the former mayor's administration, and sought to depose the current mayor, who was not a party to the litigation.

6

against the State Police, and it stands to reason that Col. Fuentes could not discharge his duties if he were deposed in all of them. I also take note of the defendants' showing that they have turned over extensive relevant evidence, and that Col. Fuentes has answered two sets of interrogatories. Under the circumstances, the extent of the deposition may rightly be curtailed.

Judge Clark referred to a "short" deposition, but did not elaborate further. For the foregoing reasons, I will affirm Judge Clark's order but modify it to limit the deposition to two hours. I reiterate his admonition that the parties work out a place and time that is convenient and least disruptive to official business.

**ORDER**

Defendants having filed an appeal (ECF no. 75) of the Magistrate Judge's order (ECF no. 73) compelling the deposition of defendant Col. Joseph R. Fuentes; and the plaintiffs having filed a response (ECF no. 78); and the defendants having filed a reply (ECF no. 80); for the reasons expressed on the record by Magistrate Judge Clark (ECF no. 77), as supplemented by the foregoing Opinion, and good cause appearing therefor;

IT IS this 27th day of July, 2017

ORDERED that the appeal is DENIED, and that the Letter Order of Magistrate Judge Clark (ECF no. 73) compelling the deposition of Defendant State Police Colonel Joseph R. Fuentes is AFFIRMED as modified to limit the deposition to two hours.

**Hon. Kevin McNulty**
**United States District Judge**