UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STANLEY SUMMERVILLE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NEW JERSEY STATE POLICE, et al.,<br><br>Defendants. | Civil Action No. 14-7653 (KM)<br><br>OPINION AND ORDER |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on Defendants' renewed motion for a protective order preventing Plaintiffs from taking the deposition of one of the Defendants in this action, State Police Colonel Joseph R. Fuentes [Docket No. 92]. While the basic substantive background of this case has been addressed previously by the Court, see Docket No. 89 (Opinion and Order affirming initial denial of protective order), a brief restatement is appropriate. The current operative pleading in this Section 1983 action is the Third Amended Complaint. See Docket No. 33. The Third Amended Complaint alleges that certain Defendant State Troopers improperly engaged in racial profiling and violated Plaintiffs' Fourth Amendment rights when they confronted Plaintiffs in the parking lot of a shopping center mall. See id. ¶¶ 5,6, 36-67. The Third Amended Complaint also names as a defendant Colonel Fuentes, the ultimate commanding officer of the Defendant State troopers. Plaintiffs contend that Colonel Fuentes is liable for the improper actions of the Defendant State Troopers because of his "failure to act, inadequate training of officers, and acquiescence in a pattern and practice of unlawful stops." Docket No. 89, at 2. On August 24, 2015, Colonel Fuentes filed a motion for dismissal of the

1

Third Amended Complaint. Docket No. 37. That motion was denied by Order and Opinion of Judge McNulty dated March 11, 2016. Docket No. 51.

The current dispute stretches back approximately a full year. Following the denial of Colonel Fuentes' motion to dismiss, the Plaintiffs noticed his deposition. Colonel Fuentes promptly objected to being deposed, and the parties contacted the undersigned regarding the dispute. By Letter Order dated January 12, 2017, the undersigned directed the parties to submit written arguments outlining their respective positions. Docket No. 68. Soon thereafter, the parties submitted letters/briefs providing their arguments. Docket No. 69 (Plaintiffs); Docket Nos. 70 & 71 (Defendant). The undersigned heard oral argument on February 17, 2017, see Docket No. 77 (Transcript), and immediately thereafter denied Colonel Fuentes' request for a protective order, determining that his deposition was appropriate and should go forward. Colonel Fuentes appealed this decision to Judge McNulty, Docket No. 75, who affirmed by Opinion and Order dated July 27, 2017. Docket No. 89. On August 11, 2017, Colonel Fuentes filed a motion for reconsideration of Judge McNulty's decision, Docket No. 92. Colonel Fuentes for the first time included with that motion his answers to interrogatories, which he urges establish that he has no specific knowledge that might justify his deposition in this matter. Because the interrogatories submitted with the motion for reconsideration had not been filed with Colonel Fuentes' previous application for a protective Order, Judge McNulty deemed the reconsideration motion instead to be a renewed motion for a protective order, and he referred it to the undersigned for determination. See Docket No. 97.

Although Colonel Fuentes has submitted a somewhat lengthy initial brief and a reply brief in support of his renewed request for a protective order, see Docket Nos. 92-1 & 95, his argument essentially boils down to a claim that he is a high-ranking and busy state official who

cannot and should not be forced to submit to a deposition because "intervening discovery efforts" – namely, his answers to interrogatories – have "already provided Plaintiffs with the information they seek." In other words, Colonel Fuentes claims that the information provided in his answers to interrogatories coupled with his disclaimer of any other relevant knowledge serves to obviate the kind of "extraordinary circumstances" that would otherwise be required to compel a live deposition of a high-ranking state official like himself. Furthermore, Colonel Fuentes claims that his deposition is unnecessary because his answers to interrogatories establish that he does not possess the "unique personal knowledge" that would normally be necessary to justify a deposition of a high-ranking official. In support of his position, Colonel Fuentes refers the Court's attention to a number of federal cases. See United States v. Morgan, 313 U.S. 409 (1941); United States v. Sentient Colors, Inc., 649 F. Supp.2d 309 (D.N.J. 2009); Buono v. City of Newark, 249 F.R.D. 469 (D.N.J. 2008); Bagley v. Blagojevich, 486 F. Supp.2d 786 (C.D. Ill. 2007).

The Plaintiff counters that Colonel Fuentes has raised nothing new that might serve to justify reversal of this Court's prior Order that Colonel Fuentes must submit to a live deposition. Plaintiffs flatly reject Colonel Fuentes' argument that his interrogatory answers constitute an adequate "alternative source" for the information they seek, pointing out that, in answering those interrogatories, Colonel Fuentes has chosen "an obstructionist strategy by offering objection after objection and motion after motion to prevent Plaintiffs from discovering supervisory liability evidence." Docket No. 93, at 5. Plaintiffs go on to defend the Court's initial decision permitting the deposition of Colonel Fuentes by noting that the Court "was well within [its] discretion" in deciding this discovery matter. Finally, the Plaintiffs vigorously challenge the

assertion by Colonel Fuentes that Buono or any of the other case authorities justify a protective order preventing his deposition in this matter. Id. At 3-4.

It is axiomatic that, with respect to the resolution of discovery disputes, "[d]istrict courts provide magistrate judges with particularly broad discretion." Halsey v. Pfeiffer, 2010 WL 3735702, Civil Action No. 09-1138 (D.N.J. Sept. 17, 2010) (citing Farmers & Merchants National Bank v. San Clemente Financial Group, 174 F.R.D. 572, 585 (D.N.J. 1997). It is further well-established that high-ranking government officials are not obligated to testify each and every time their deposition is noticed, given society's general interest in "ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion." Buono, 249 F.R.D. at 470 n.2 (citation omitted). Rather, as Judge McNulty noted in his Opinion and Order of July 27, 2017, a high-ranking government official may not be deposed absent "extraordinary circumstances," id., which specifically requires a showing that

> 1) the official's testimony is necessary to obtain relevant information that is not available from another source; 2) the official has first-hand information that cannot reasonable be obtained from other sources; 3) the testimony is essential to the case at hand; 4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and 5) the evidence sought is not available through less burdensome means or alternative sources.

Id. (citation omitted). Thus, given what appears to be the uncontested assertion that Colonel Fuentes is indeed a high-ranking government official, and considering the record as updated by the most recent submissions of the parties, the Court must determine if the five factors identified in Buono justify subjecting Colonel Fuentes to a deposition in this matter.

With respect to the first three factors identified in Buono, the undersigned has previously found, and continues to adhere to the finding, that Colonel Fuentes is the only one who can testify definitively in this matter regarding his own alleged "failure to act, inadequate training of

4

officers, and acquiescence in a pattern and practice of unlawful stops." Perhaps he has extensive knowledge, perhaps he has no knowledge at all, but only Colonel Fuentes can say for sure. Therefore, ab initio, his testimony is clearly necessary to obtain relevant information not available from another source (factor 1), he surely has first-hand information that cannot reasonable be obtained from other sources (factor 2), and his testimony is definitely essential to the case at hand (factor 3). Consequently, the first three factors listed in Buono counsel in favor of permitting Plaintiffs to depose Colonel Fuentes.

With respect to the fourth factor identified in Buono, while the Court understands and appreciates that Colonel Fuentes is an important and busy public official, it is not altogether sure that his appearing for a deposition in this matter would impose an unworkable hardship. As an initial observation, the Court notes that it has been forced to take on faith the assertion by Colonel Fuentes that his appearing for a deposition would do just that, since the Colonel has never engaged in a meaningful or detailed explanation of just how a deposition would interfere with his ability to perform his duties. Certainly, the Court appreciates the possibility that an Order compelling his deposition in this matter might be used to try and justify his appearing for deposition in additional similar matters, but at this point that appears to be merely speculation. What troubles the Court most with respect to this factor is that, unlike the public figures in most of the cases cited by Colonel Fuentes, he is a party defendant in this action and is sued in his personal capacity. Given that reality, and the Court's general skepticism that a brief deposition of Colonel Fuentes would impose an undue burden, the Court concludes that the fourth factor listed in Buono does not counsel against permitting Plaintiffs to conduct the requested deposition.

Finally, regarding the fifth factor identified in Buono, the Court initially notes that, in arguing against the requested deposition, Colonel Fuentes places great emphasis on the argument that he has indeed already provided Plaintiffs' with the information they seek through a less burdensome means -- namely, answers to interrogatories. The Plaintiffs, in turn, urge that the answers to interrogatories by Colonel Fuentes were hardly complete or sufficient; rather, Plaintiffs posits that the answers included objection after objection designed "to prevent Plaintiffs from discovering supervisory liability evidence." Docket No. 93, at 2. There is at least some truth in Plaintiffs' assertions. A review of all of the interrogatories answered by Colonel Fuentes, see Docket No. 92-2, and particularly the answers to the "supervisory liability" interrogatories, reveals quite plainly that they are littered with the kinds of relevance and overbreadth objections that would not normally justify an instruction not to answer in a deposition setting. Therefore, Plaintiffs have demonstrated that they have neither fully nor effectively received the information they seek through a less burdensome means, and the Court concludes that the fifth factor listed in Buono does not counsel against permitting Plaintiffs to conduct the requested deposition.

Given all of the foregoing, the Court remains unconvinced that a protective order barring the deposition of Colonel Fuentes is appropriate. However, the Court does remain keenly sensitive to the burdens that high-ranking police officials in the State of New Jersey face every day, and the Court is not eager to impose any greater burden on Colonel Fuentes or his organization than is absolutely necessary. Accordingly, in an effort to balance the Plaintiffs need for unvarnished information with the interest of not overburdening Colonel Fuentes, the Court herewith directs that the deposition of Colonel Fuentes shall be conducted on written questions pursuant to and in accordance with the dictates of Federal Rule of Civil Procedure 31. The

deposition is to be commenced as soon as is practicable and is to be completed by March 31, 2018.[1]

**IT IS** therefore on this 11th day of January, 2018,

**ORDERED** that the renewed motion of Defendant Colonel Joseph R. Fuentes for a protective order [Docket No. 92] is **DENIED**, and it is further

**ORDERED** that the deposition Colonel Fuentes shall be conducted on written questions pursuant to and in accordance with the dictates of Federal Rule of Civil Procedure 31.  The deposition shall be commenced as soon as practicable and shall be completed by March 31, 2018.

s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**

---

[1] The Court is aware that a deposition on written questions is not generally as spontaneous or wide-open as a live deposition, and the Court anticipates Plaintiffs' concern that this exercise may devolve into a "do-over" of Colonel Fuentes' interrogatory answers.  That is not the intent of the Court, and Defendant is admonished that if wide-ranging objections and instructions not to answer are interposed in response to Plaintiffs' questions in lieu of direct answers, the Court will consider converting the deposition to an in-person format.  As noted supra, objections based on relevance or overbreadth are not commonly a reason for instructing a witness not to answer.