**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STANLEY SUMMERVILLE, FOMBAH SIRLEAF,** <br><br> Plaintiffs, <br><br> v. <br><br> **DETECTIVE SERGEANT M. GREGORY,** *et al.*, <br><br> Defendants. | No. 14-cv-7653 (KM)(MAH) <br><br> **OPINION & ORDER** |

**<u>KEVIN MCNULTY, U.S.D.J.</u>:**

    This constitutional tort action under 42 U.S.C. § 1983 arises from an allegedly unconstitutional detention of the plaintiffs, Stanley Summerville and Fombah Sirleaf, by several New Jersey State Troopers. By Order and Opinion (DE 129) filed on August 29, 2019, I granted in part and denied in part the motion for summary judgment on behalf of Officers Gregory and Ciano, and also granted in part and denied in part the cross-motion for summary judgment filed by the plaintiffs. What remains is a Fourth Amendment § 1983 claim, against defendant Gregory only, based on the alleged illegality of the initial *Terry* stop and its unreasonable prolongation.

    In essence, I found that Officer Gregory's initial reasonable-suspicion basis for the *Terry* stop of the plaintiffs presented issues of fact, precluding summary judgment for either side on that issue. In doing so, I noted some significant factual questions and inconsistencies as to what Gregory had observed at the time he ordered the detention. I therefore proceeded to a second issue. Irrespective of the permissibility of the original stop, I found that the subsequent detention of the plaintiffs for 90 minutes exceeded constitutional bounds. Defendant Gregory now moves for reconsideration on

1

that second issue. (DE 132) He clarifies in his reply that he means to press these arguments primarily in the context of qualified immunity. (DE 136)

Local Rule 7.1(i) governs motions for reconsideration. Reconsideration is granted sparingly, generally only in one of three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through—rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Evidence or arguments that were available at the time of the original decision will not support a motion for reconsideration. *Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 636 (D.N.J. 1997); *see also North River Ins. Co.*, 52 F.3d at 1218; *Bapu Corp. v. Choice Hotels Int'l, Inc.*, 2010 WL 5418972, at *4 (D.N.J. Dec. 23, 2010) (citing *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001)).

Aware of the high threshold bar to such relief, defendant Gregory contends that he did not have a fair opportunity to address the issue of the unconstitutional prolongation of the detention, because it was not raised in the plaintiffs' cross-motion for summary judgment. (DE 132-1) In particular, says Gregory, defense counsel did not have a chance to address and distinguish the authorities cited in the Court's Opinion, especially *United States v. Place*, 462 U.S. 696, 709 (1983).

The State's argument bypasses some important procedural history. As background, recall that the State's theory was that this 90-minute detention was a *Terry* stop, which by definition is a brief investigative detention based on

reasonable suspicion, falling short of the probable cause that would support a full seizure. *See Terry v. Ohio*, 392 U.S. 1 (1968).

Point I of the State's brief, submitted in support of *defendants'* motion for summary judgment, runs thus:

POINT I

THE INDIVIDUAL STATE POLICE OFFICER DEFENDANTS ARE ENTITLED TO SUMMARY JUDGEMENT ON THE FIRST AND FOURTH CAUSES OF ACTION OF PLAINTIFFS' THIRD AMENDED COMPLAINT BECAUSE THE SEIZURE OF PLAINTIFFS WAS REASONABLE UNDER THE FOURTH AMENDMENT AND NOT MOTIVATED BY RACE............................................................................................................ 11

    A.    THE INITIAL SEIZURE OF PLAINTIFFS WAS JUSTIFIED AS BASED UPON REASONABLE SUSPICION.......................................... 13

    B.    THE VALID INVESTIGATIVE DETENTION OF PLAINTIFFS DID NOT RUN AFOUL OF THE FOURTH AMENDEMENT IN SCOPE OR DURATION SO AS TO BECOME A *DE FACTO* ARREST REQUIRING PROBABLE CAUSE.......................................................................... 17

(Def. Moving Brief on summary judgment ("State Brf."), at p. 1 (table of contents), DE 114-1 at 2). The structure of the State's own argument, then, was that (A) the initial seizure was valid, and (B) it did not thereafter exceed the bounds of the Fourth Amendment in scope or duration. The responsibility-shifting contention that issue (B) was absent from plaintiff's cross-motion implies the State could not have addressed that issue, but in fact the State was aware of and did address that issue.

Point I.B occupied some seven pages of the State's opening brief. The point's first sentence reads as follows: "An otherwise valid investigative detention can nevertheless violate the Fourth Amendment when the circumstances surrounding the seizure convert the detention into a de facto arrest. *See U.S. v. Sharpe*, 470 U.S. 675, 685-686 (1985)." (State Brf. 17, DE 114-1 at 25) In the paragraph almost immediately following, the State explained what it meant:

> Duration alone will not convert a valid Terry stop into an unreasonable arrest. *See Sharpe*, 470 U.S. at 685-686. "In

3

> assessing whether a detention is too long in duration to be justified as an investigative stop, [courts] consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicion quickly, during which time it was necessary to detain the defendant." *United States v. Sharpe*, 470 U.S. 675, 686 (1985). Courts "should take care to consider whether the police are acting in a swiftly developing situation, and in such cases the court should not indulge in unrealistic second-guessing." *Id.* Indeed, courts have refused to place a rigid time limit on the duration of investigatory seizures. *See United States v. Frost*, 999 F.2d 737, 742 (3d Cir. 1993).

(Def. Brf. 17–18, DE 114-1 at 25–26)

The two cases cited by the State—*Sharpe* and *Frost*—cite and discuss *United States v. Place* at length. Moreover, they do so at the very pinpoint pages cited by the State in its brief. It cannot be maintained that the State overlooked *Place* because the plaintiff did not cite it.

After briefly enumerating other factors that might render a stop unduly intrusive, the State in its moving brief attempted to justify the 90-minute duration of this stop. The brief noted that "[t]he entire detention lasted approximately 90 minutes." The first hour, said the State, was required to investigate the plaintiffs' association, if any, with Parker's hand-to-hand drug deal in the parking lot. This investigation, though 60 minutes long, is said to be a quick and diligent inquiry, within the scope of *Terry* and *Sharpe*. The last 30 minutes, said the State, were justified by a separate investigation of Sirleaf's immigration status. (State Brf. 21–25, DE 114-1 at 28–32)

Bear in mind, of course, that the *defendants* sought summary judgment dismissing the case, on substantive and related qualified-immunity grounds. It was the State's task, therefore, to establish that the detention was permissible under *Terry* (or, alternatively, that a reasonable officer would have thought so). As the State recognized in its moving brief, that requires a showing that the stop was supported by reasonable suspicion *and* that it did not exceed the bounds of a *Terry* stop in duration or scope.

4

That the plaintiffs' response focused on issue A does not erase the State's discussion of issue B, the duration issue. The State had the opportunity to, and did, discuss it. And the Court did not "overlook" the duration issue; indeed, the State now seems to fault the Court for *not* overlooking it. My Opinion discussed the issues, in order, just as the State's summary judgment motion presented them for decision.

Reconsideration is therefore inappropriate.[1]

---

[1] To remove doubt, I will state that I have reviewed the arguments in the State's reconsideration motion. The motion consists entirely of legal arguments, largely by extension from *United States v. Place*, already discussed in the Court's earlier Opinion, which held that a 90-minute detention of luggage was *not* permissible.

The State highlights *Carrasca v. Pomeroy*, 313 F.3d 828, 836 (3d Cir. 2002). *Carrasca* primarily involved a claim of discriminatory enforcement, not a Fourth Amendment claim. (I have dismissed the equal protection claim here.) The issue regarding the check of immigration status was whether the plaintiffs could be stopped and asked to produce their papers based on their appearance. Defendants there (as defendants here do not) claimed they had a probable-cause basis to arrest the plaintiffs. The court expressed doubt: "The violation of a park regulation may seem to a fact finder to be an inadequate basis for further investigation, much less for detention while handcuffed to chairs between two to four hours, depending on whose version is accepted." *Id.* at 836. As to the Fourth Amendment issue, *Carrasco* remanded, in the following terms: "Because it is far from clear that arresting, handcuffing, and detaining Plaintiffs for four hours is carefully tailored to the Rangers' underlying justification of Plaintiffs swimming after hours, the jury must make this determination. It follows that Plaintiffs' Fourth Amendment claims were not appropriate for summary judgment" *Id.* The Court of Appeals *reversed* the district court's perfunctory grant of qualified immunity, because, *inter alia,* "it is unlikely that a reasonable police officer would believe that a Terry stop would justify detention under chains for several hours." *Id.* at 137.

None of this would change the analysis.

As to the initial stop, qualified immunity cannot be granted, if only because serious jury issues remain as to what Officer Gregory observed before ordering the detention. One permissible interpretation of the record is that Gregory did not in fact observe the hand-to-hand transaction on which the order was ostensibly based.

The legality of the ensuing detention, whether prolonged or not, would depend on the legality of the initial stop. As for the duration of the detention, my Opinion cites ample case law to the effect that the detention cannot continue once its rationale is exhausted, and that the daisy-chaining of possible suspicions cannot be used to extend the detention further. (*See* Opinion Section III.A.3, DE 129) The State suggests factual distinctions between this and other cases, but no case will be completely on point, and the qualified-immunity case law does not require that. The existing case law sets down principles that are sufficiently clear. (*See id.* Section III.C)

5

## ORDER

Accordingly, for the foregoing reasons,

IT IS this 31st day of October, 2019

ORDERED that the motion (DE 132) of defendant Gregory for reconsideration of the Court's Order and Opinion (DE 129, 130) is DENIED.

_____
HON. KEVIN MCNULTY, U.S.D.J.